UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASWINDER SINGH, (A-245-727-312), Petitioner, v. CHRISTOPHER CHESTNUT, et al, Respondents. | No. 1:26-cv-1018 DAD AC <br> FINDINGS AND RECOMMENDATIONS |

Petitioner, a former federal immigration detainee, filed this habeas corpus action pursuant to 28 U.S.C. § 2241 while he was civilly detained by Immigration and Customs Enforcement ("ICE"). ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

I. Factual and Procedural History

Petitioner entered the United States without inspection in January 2024. ECF No. 1 at 2, 14; ECF No. 3-2 at 7. He was detained by immigration officials and subsequently released on an Order of Release on Recognizance ("ROR"). ECF No. 1 at 2, 14; ECF No. 3-2 at 11. Petitioner filed an Application for Asylum and for Withholding of Removal (Form I-589) and asserts that he has no criminal history. ECF No. 1 at 14; ECF No. 3-2 at 13-21. Petitioner was re-detained without notice or a hearing on December 10, 2025. ECF No. 1 at 2, 14.

On February 5, 2026, the court received petitioner's petition for writ of habeas corpus, which he filed along with a motion for temporary restraining order. ECF Nos. 1, 3. The petition asserts that petitioner's detention violates the Immigration and Nationality Act ("INA") and his substantive and procedural due process rights under the Fifth Amendment Due Process Clause. ECF No. 1 at 15-18. By way of relief, petitioner seeks a declaration that his re-detention violated the Fifth Amendment Due Process Clause and the INA, release from immigration custody without additional conditions of supervision, a permanent injunction against re-detention during the pendency of removal proceedings absent pre-deprivation procedures, Equal Access to Justice Act ("EAJA") fees and costs, and any other relief deemed just and proper. Id. at 17-18.

The court issued a briefing order, directing a response to the motion for temporary restraining order and ordering that the response

> shall substantively address whether any provision of law or fact in this case would distinguish it from this court's prior decision in Ayala Cajina v. Wofford, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and other similar cases decided by this court, or otherwise indicate that the matter is not substantively distinguishable.

ECF No. 4. The court further directed that the response should indicate whether respondents opposed the court converting the motion for temporary restraining order to a motion for preliminary injunction. Id.

In response, respondents filed a response to the petition and opposition to injunctive relief, ECF No. 7. In their response, respondents conceded there were no material differences between this case and Ayala Cajina, supra, indicated they did not oppose a conversion of the motion to a motion for preliminary injunctive relief, and opposed the motion on grounds that petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as an "applicant for admission" and was thus ineligible for a bond hearing. Id. at 2-3. Respondents also asked that if preliminary injunctive relief was granted, the court hold the petition in abeyance pending the Ninth Circuit Court of Appeals' decisions in Rodriguez v. Bostock, 779 F. Supp. 3d 1239 (W.D. Wash. 2025) and Carballo v. Andrews, No. 1:25-CV-00978 KES EPG (HC), 2025 WL 2381464 (E.D. Cal. Aug. 15, 2025). Id. at 3-4.

By minute order dated February 11, 2026, the court granted a preliminary injunction and ordered respondents to immediately release petitioner from custody on the same conditions to which he was subject prior to his re-detention. ECF No. 9. The court found this case analogous to Ayala Cajina, where the court found that due process required a pre-detention hearing to protect a noncitizen's liberty interest in previously granted release, and O.A.C.S. v. Wofford, No. 1:25-cv-01652 DAD CSK, 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), where the court found that the government's previous release of the noncitizen on his own recognizance created a liberty interest such that the noncitizen was entitled to the due process procedures under 8 U.S.C. § 1226(a). Id. The court rejected respondents' argument that petitioner was subject to mandatory detention, and enjoined respondents from re-detaining petitioner absent exigent circumstances without written notice and a pre-detention hearing before a neutral adjudicator. Id.

The undersigned issued a minute order directing petitioner to respond to respondents' request to hold the case in abeyance. ECF No. 10. Petitioner responded in opposition, and the undersigned denied the request to hold this case in abeyance and issued a further briefing order, which provided respondents with an opportunity to file an answer and additional evidence, and petitioner an opportunity to submit a reply. ECF Nos. 11, 12. Respondents filed a response in opposition to the petition and a motion to dismiss all respondents other than petitioner's immediate custodian. ECF Nos. 13, 14. Respondents maintain their prior position that petitioner is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), not 8 U.S.C. § 1226(a). ECF No. 14 at 1-6. Respondents further assert that petitioner's due process argument fails because he was re-detained in accordance with the mandatory detention framework in 8 U.S.C. § 1225(b)(2) and "has only those rights regarding admission that Congress has provided by statute." Id. at 6-7 (citing Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 139 (2020)). Respondents further request that any injunction not prevent re-detention in the event a final removal order is issued following completion of removal proceedings. Id. at 7. Petitioner's traverse acknowledges petitioner's release from custody but argues that the petition is not moot in light of the continued dispute regarding the applicable detention statute and petitioner's request for permanent injunctive relief. ECF No. 15.

II. Analysis

A. Respondents' Motion to Dismiss (ECF No. 13)

Respondents' motion to dismiss, citing Doe v. Garland, 109 F.4th 1188 (9th Cir. 2024), seeks to dismiss all respondents except petitioner's immediate custodian. ECF No. 13. However, Doe v. Garland held that a petitioner challenging his immigration detention must name his immediate custodian, 109 F.4th 1188, 1195-97 (9th Cir. 2024); it did not hold that petitioner is precluded from naming more than one respondent so long as the immediate custodian is named, nor did it address who may be named as a respondent when the appropriate remedy includes an injunction against any future re-detention. See, e.g., Khan Atal v. Warden, California City Corrections Center, No. 1:26-cv-01945 DAD SCR, 2026 WL 1110268, at *1-2, (E.D. Cal. Apr. 24, 2026) (citing Estrada v. Mullin, No. 1:26-cv-02527 KES EPG (HC), 2026 WL 1030902, at *1 (E.D. Cal. Apr. 16, 2026)). In this case, because petitioner has named his immediate custodian, and, as discussed below, the appropriate remedy includes an injunction against future re-detention, the undersigned recommends respondents' motion to dismiss be denied.

B. Petition for Writ of Habeas Corpus (ECF No. 1)

Since the preliminary injunction issued, the Ninth Circuit has decisively resolved the debate over the statutory basis for detention of noncitizens in petitioner's circumstances. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165, 1193 (9th Cir. 2026) (noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A), and are entitled to a bond hearing). Petitioner had been living in the United States for almost two years at the time of his re-detention, and he was released on his own recognizance in accordance with INA § 236 (8 U.S.C. § 1226). ECF No. 1 at 2, 14; ECF No. 3-2 at 11. The undersigned therefore finds that petitioner's detention is governed by 8 U.S.C. § 1226(a), not § 1225(b)(2) as alleged by respondents, and that petitioner's detention under § 1225(b)(2) without a bond hearing was a violation of the INA. The undersigned therefore recommends that the petition be granted on petitioner's INA claim.

Further, for the reasons indicated in the court's minute order granting a preliminary

injunction, which the undersigned adopts and incorporates as if separately set forth herein, it is recommended that petitioner's § 2241 petition be granted based on the violation of petitioner's Fifth Amendment right to procedural due process. See ECF 9; Ayala Cajina, 2025 WL 3251083, at *3-5; O.A.C.S. v. Wofford, No. 1:25-cv-01652 DAD CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025). Petitioner has an established, protected liberty interest in the freedom from confinement that he gained after he was released from custody on his own recognizance. There is no evidence that petitioner failed to comply with any conditions of his release, and it is undisputed that petitioner has no criminal history. Petitioner's right to due process was accordingly violated by his re-detention without a hearing before a neutral adjudicator where the government was required to justify his re-detention by clear and convincing evidence.

The undersigned rejects respondents' remaining argument in response to petitioner's due process claim—that Thuraissigiam established that petitioner's rights are limited to those provided by Congress. ECF No. 14 at 6. As the undersigned explained in Ballen-Ramirez, "Thurassigiam's holding is inapplicable in a § 2241 habeas petition because petitioner is not challenging his admissibility into this country, he is challenging the constitutionality of his detention" and "Thuraissigiam is also materially distinguishable because petitioner was permitted to pass through our gates and is a person who has been living within the United States for years and as such entitled to Due Process under Zadvydas v. Davis, 533 U.S. 678, 687 (2001)." Ballen-Ramirez v. Warden of Golden State Annex Det. Facility, No. 1:26-cv-2971 DAD AC, 2026 WL 1329861, at *6 (E.D. Cal. May 13, 2026).

The Ninth Circuit also recently rejected the government's broad reading of Thuraissigiam. See Padilla v. U.S. Immigr. & Customs Enf't, No. 24-2801, ___ F.4th ___, 2026 WL 2822044 (9th Cir. Sept. 21, 2026). In doing so, the court explained Thuraissigiam "extended the entry fiction a *tiny bit*—to an individual apprehended immediately after entry within 25 yards of the border," but did not extend it to "individuals well within the country's borders and present for days, weeks, months, or years." Id. at 11-14 (emphasis added). The Ninth Circuit further explained that Thuraissigiam was a case concerning due process rights regarding "admission," not "detention." Id. at *16-19. After an extensive analysis of Thuraissigiam and Shaughnessy v.

United States ex rel. Mezei, 345 U.S. 206, 212 (1953), the Ninth Circuit held that "contrary to the government's contention," "[n]oncitizens who arrive illegally and are found away from the border well after arrival are protected from arbitrary detention in violation of the Due Process Clause." Id. at 10-19. The undersigned therefore recommends that the petition also be granted on petitioner's procedural due process claim.[1]

The appropriate remedy for these violations includes permanently enjoining respondents from re-detaining petitioner absent notice and a pre-detention hearing before an immigration judge at which respondents will bear the burden of demonstrating a change in circumstances that justifies such detention. Ramirez Godinez v. Warden of the California City Detention Facility, No. 1:26-cv-5584 DC AC, 2026 WL 2455251, at *5 (E.D. Cal. Aug. 21, 2026), report and recommendations adopted, 2026 WL 2494928 (E.D. Cal. Aug. 25, 2026) (recommending a permanent injunction based on a finding that respondents violated the noncitizen's due process rights in detaining him and collecting cases); Mayen v. Warden, California City Detention Center, No. 1:26-cv-2354 DAD AC, 2026 WL 1067525 (E.D. Cal. Apr. 20, 2026), report and recommendations adopted, 2026 WL 1158217 (Apr. 29, 2026) (recommending a permanent injunction be entered based on a finding that petitioner was detained in violation of the INA).[2]

////

[1] Because relief is appropriate on petitioner's procedural due process and INA claims (claims two and three), the court declines to address petitioner's substantive due process claim (claim one), which seeks the same or similar relief (i.e., petitioner's immediate release).

[2] In his traverse, petitioner argues against dismissal of the petition as moot based on his release from custody. ECF No. 15. While respondents have not briefed this issue, the court should decline to find the petition moot because, as noted, a proper and just remedy in this case requires, in addition to release, a permanent injunction against petitioner's re-detention without pre-deprivation procedures. See L.S. v. Santacruz, No. 5:25-cv-02927 CV MBK, 2026 WL 734586 (C.D. Cal. Feb. 5, 2026) ("Respondents have ceased their allegedly unlawful conduct and released Petitioner—not of their own volition—but because the District Court ordered it. But the District Court's TRO and preliminary injunction, by definition, afford no permanent relief. If this case is dismissed as moot without further relief, Respondents will no longer be prohibited from re-detaining Petitioner without pre-deprivation process."); see also Nielsen v. Preap, 586 U.S. 392, 403 (2019) (rejecting the government's claim of mootness where a class action plaintiff was granted release following a preliminary injunction, explaining that "[u]nless that preliminary injunction was made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention").

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED on the Fifth Amendment procedural due process claim and the INA claim.

2. The court DECLARE that petitioner's re-detention in December 2025 violated petitioner's rights under the Fifth Amendment Due Process Clause and the INA.

3. The court order permanent injunctive relief as follows:

   a. Petitioner JASWINDER SINGH shall REMAIN OUT OF CUSTODY under the same conditions to which he was subject prior to his re-detention. Respondents shall not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.

   b. Respondents be ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including at least seven days' written notice to petitioner and a pre-deprivation hearing before a neutral fact-finder where respondents will bear the burden of demonstrating by clear and convincing evidence that petitioner poses a danger to the community or a flight risk. At any such hearing, petitioner shall be allowed to have counsel present.

4. The order not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

5. The court DISMISS WITHOUT PREJUDICE the remaining claims in the § 2241 petition in the interests of judicial economy since the requested relief has been granted.

6. Respondents' motion to dismiss (ECF No. 13) be DENIED.

7. Petitioner's request for attorney's fees and costs be DENIED WITHOUT PREJUDICE to bringing a properly noticed and supported motion.

8. All other pending motions, if any, be DENIED as MOOT.

9. The Clerk of Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 27, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE